**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | JESSICA LEWIS |
| Debtor 2 (Spouse, if filing) | |

**United States Bankruptcy Court for the District of Maine**

Case No. (If known): 26-20094

☐ Check if this is a modified plan

Modified plan (e.g., 1st, 2nd): ______

All modified plan sections must be identified here: ______

# Maine Bankruptcy Form 2

# Chapter 13 Plan

12/20

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the table below, you must check each box that applies.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within the time specified in the notice of hearing to consider confirmation (which may be sent to you separately). The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is filed.

The table below may be of particular importance to creditors. Debtor(s) must check only one box on each line. If an item is checked as “Not Included” or if both boxes for an item are checked or if no boxes for an item are checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the holder of the claim.** | ◉ Included | ○ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4.** | ○ Included | ◉ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ◉ Included | ○ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Applicable commitment period.**

The applicable commitment period in this case is **36** months. *The applicable commitment period is either 36 months or 60 months. The applicable commitment period for this case can be found on Official Form 122C-1 and should be restated here.*

**2.2 Debtor(s) will make regular payments to the trustee as follows:**

| | Plan month number(s) | Beginning date | Monthly payment amount |
|---|---|---|---|
| + - | 1-60 | May 13, 2026 | $310.00 |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the distributions specified in this plan.

**2.3 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☒ Debtor(s) will make payments directly to the trustee.

☐ Debtor(s) will make payments to the trustee pursuant to a payroll deduction order. Prior to the entry of a payroll deduction order, debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

**2.4 Income tax refunds.**

*Check one.*

☒ Debtor(s) will also pay to the trustee, as additional plan contributions, all state and federal income tax refunds (in the aggregate) in excess of $1,500 per year per debtor. All such excess tax refunds must be paid to the trustee within 14 days after receipt.

☐ Debtor(s) will treat income tax refunds as follows:

**2.5 Additional payments.**

*Check one.*

☒ None. *If "None" is checked, the rest of § 2.5 need not be completed.*

☐ Debtor(s) will make additional payments to the trustee from other sources, as specified below. *Describe the source, estimated amount, and date of each anticipated payment.*

**2.6 The total amount of estimated payments to the trustee provided for in *§§* 2.2 and 2.5 is $18,600.00 .**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any, under 11 U.S.C. § 1322(b)(5).**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed.*

☒ Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or by debtor(s) directly, as specified below. If debtor(s) will disburse the current contractual installment payments directly, then all such payments will be made beginning with the first such payment due after the petition date, and debtor(s) will make the current contractual installment payments prior to the filing of a proof of claim by the creditor.

Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

In the absence of a contrary, timely-filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage.

| | Name and address of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Total amount of interest (if any) | Amount and timing of payments on arrearages | Estimated total payments by the trustee (if any) |
|---|---|---|---|---|---|---|---|---|
| + - | USDA Centralized Services Division P.O. Box 66889 Saint Louis MO 63166-0000 | 12 Olive Saco | $1,735.00<br>Disbursed by:<br>○ Trustee<br>◉ Debtor(s)<br>Clear | $30,400.00 | 0.00% | $0.00 | $125/mo. Mos. 1-57; $65 Month 58 | $7,190.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed.*

☒ Debtor(s) request, under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012(b), that the Court determine that the amount(s) of the secured claim(s) listed below correspond to the amount(s) in the column titled "Amount of secured claim". A request to determine the amount of a secured claim held by a governmental unit may be made only by motion or in a claim objection.

If this plan is confirmed as filed and the foregoing request is granted, (i) the amount of each secured claim listed below will be paid in full with interest at the rate stated below; and (ii) to the extent that the total amount of each claim listed below exceeds the amount of the secured claim, such claim shall be treated as unsecured under Part 5 of this plan.

Despite the foregoing request under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012(b), the total amount of each claim listed below will be controlled by any timely filed proof of claim and the disposition of any objections thereto.

| | Name and address of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Total amount of interest (if any) | Amount and timing of payments | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|---|---|
| + - | Atlantic Regional FCU 55 Cushing Street Brunswick ME 04011-0000 | $19,905.00 | 2007 Chevy Tahoe | $4,400.00 | $0.00 | $4,400.00 | 7.50% | $500.00 | $115/mo. Mos. 1-42; $70.00 Month 43 | $4,900.00 |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 3.3 need not be completed.*

☐ The claims listed below were either:

(a) incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use by debtor(s), or

(b) incurred within 1 year of the petition date and secured by a purchase-money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or by debtor(s) directly, as specified below. In the absence of a contrary, timely-filed proof of claim, the amounts stated below are controlling. Unless otherwise ordered by the Court, the claim amount stated on a timely-filed proof of claim controls over any contrary amount listed below.

*Insert additional claims as needed.*

**3.4 Lien avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed.*

☐ The judicial liens or nonpossessory, non-purchase-money security interests securing the claims listed below impair exemptions to which debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See* 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d).

*If more than one lien is to be avoided, provide the information separately for each lien.*

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed.*

☐ Debtor(s) elect to surrender the collateral identified below. Debtor(s) request that the stays under 11 U.S.C. § 362(a) and 11 U.S.C. § 1301 be terminated as to that collateral, with the termination of such stays being effective immediately upon confirmation of the plan. Debtor(s) also request, under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012(b), that the Court determine that the amount(s) of the secured claim(s) listed below correspond to the amount(s) in the column titled "Amount of secured claim". Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

*Insert additional claims as needed.*

**3.6 Relief from stay.**

If relief from the automatic stay imposed by 11 U.S.C. § 362(a) is ordered as to any item of collateral listed in §§ 3.1, 3.2, 3.3, or 3.4 then, unless otherwise ordered by the Court, when relief from the automatic stay becomes effective, all payments under this plan as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**3.7 Lien retention.**

The holder of any allowed secured claim provided for by the plan in § 3.2 will retain the holder's lien(s) on all property interest(s) of the debtor(s) or the estate(s) until the earlier of:

(a) payment in full of the underlying debt determined under non-bankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

In addition, if this chapter 13 case is dismissed or converted without the completion of the plan, all such liens will be retained by the holders of such liens to the extent recognized by applicable nonbankruptcy law.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees and all allowed expenses and allowed claims having priority under 11 U.S.C. § 507(a), including domestic support obligations other than those treated in § 4.5, will be paid by the trustee in full without post-petition interest.

**4.2 Trustee's fees.**

Trustee's fees may change during the course of the case but are estimated to be **10.00%** of plan payments. During the plan term, they are estimated to total **$1,860.00**.

**4.3 Attorney fees.**

The estimate of the total attorney fees and expenses for representation of debtor(s) in the chapter 13 case is **$5,850.00**. Before the beginning of the chapter 13 case, the attorney received payments or retainers in the total amount of **$1,850.00**. The difference between the estimate and the payments and/or the retainers is **$4,000.00**. *The last amount specified in this § 4.3 should be included in the Exhibit to this plan.*

**4.4 Priority claims other than attorney fees and those in § 4.5.**

*Check one.*

☒ ***None****. If "None" is checked, the rest of § 4.4 need not be completed.*

☐ Debtor(s) estimate the total amount of priority claims (exclusive of attorney fees and expenses and domestic support obligations treated in § 4.5) to be _________________. This estimated total consists of the following estimated priority claims.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ ***None****. If "None" is checked, the rest of § 4.5 need not be completed.*

☐ The priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.3 be for a term of 60 months. See* 11 U.S.C. § 1322(a)(4).

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

If the estate(s) of debtor(s) were liquidated under chapter 7 on the effective date of this plan, the value of property that would be distributed to the holders of allowed nonpriority unsecured claims would be approximately **$0.00**.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata shares of the sum of (a) **$650.00** and (b) any funds remaining after all other disbursements provided by this plan have been made.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ ***None****. If "None" is checked, the rest of § 5.2 need not be completed.*

☐ Debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or by debtor(s) directly, as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

*Insert additional claims as needed.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ ***None****. If "None" is checked, the rest of § 5.3 need not be completed.*

☐ The nonpriority unsecured claims listed below are also separately classified and will be treated as follows:

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check One*

☒ **None**. *If "None" is checked, the rest of § 6.1 need not be completed.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or by the debtor(s) directly, as specified below, subject to any contrary Court order or rule. Arrearage payments will be disbursed by the trustee.

*Insert additional contracts or leases as needed.*

## Part 7: Section 1326 Payments and Post-Confirmation Borrowing

**7.1 Payments under 11 U.S.C. § 1326(a)(1)(B) and (C).**

☒ ***None***. *If "None" is checked, the rest of § 7.1 need not be completed.*

☐ The estimated payments described in § 2.6 include amounts intended by the debtor(s) to serve as either post-petition lease payments under 11 U.S.C. § 1326(a)(1)(B), adequate protection payments under 11 U.S.C. § 1326(a)(1)(C), or both. To the extent authorized by local rule or other order of the Court, the trustee will, prior to confirmation of this plan, disburse post-petition lease payments or adequate protection payments to the following creditors:

*Insert additional provisions as needed.*

**7.2 Post-confirmation borrowing by debtor(s).**

After confirmation of the plan, debtor(s) may incur debt to purchase a motor vehicle for personal, family, or household use with the prior written consent of the trustee. If the prior written consent of the trustee is obtained for the debt, no order of the Court with respect to the borrowing is necessary. Nothing in this § 7.2 prohibits debtor(s) from seeking an order of the Court authorizing post-confirmation borrowing.

## Part 8: Nonstandard Plan Provisions

**8.1 Nonstandard plan provisions.**

☐ **None**. *If "None" is checked, the rest of § 8.1 need not be completed.*

**Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision deviating from or not otherwise included in Maine Bankruptcy Form 2. Nonstandard provisions set out elsewhere in this plan are void and ineffective.**

Debtor must cure any funding shortfall before the Plan will be deemed completed.

Debtor shall submit to the Trustee complete, signed copies of his federal and state income tax returns (or transcripts thereof), with copies of all W-2 and 1099 forms, each year during the term of the plan within 14 days of the filing of such returns with the appropriate tax authorities.

Debtor owes $30,400 arrears to USDA; Plan will repay $7190 and Debtor will pursue reammortization of excess

## Part 9: Signature(s)

**9.1 Signatures of debtor(s) and attorney.**

*The signatures of debtor(s) and the attorney, if any, must appear below.*

✘ /s/ Jessica Lewis
Signature of Debtor 1

Date: Apr 9, 2026

Signature of Debtor 2

Date:

✘ /s/ J. Scott Logan
Signature of Attorney for Debtor(s)

Date: Apr 7, 2026

**By filing this document, debtor(s), if not represented by an attorney, or the attorney for debtor(s) certify, or certifies, that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Maine Bankruptcy Form 2, other than any nonstandard provisions included in Part 8.**

## EXHIBIT: Estimated Payments by Debtor(s) and Estimated Disbursements by Trustee

The sum of the estimated payments by debtor(s) under this plan to the trustee, excluding tax refunds, is: $18,600.00
*Insert the total of the estimated payments in Part 2, § 2.6.*

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | Maintenance and cure payments on secured claims (Part 3, § 3.1 total) | $7,190.00 |
| b. | Modified secured claims (Part 3, § 3.2 total) | $4,900.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 (Part 3, § 3.3 total) | $0.00 |
| d. | Judicial liens or security interests partially avoided (Part 3, § 3.4 total) | $0.00 |
| e. | Trustee's fees (Part 4, § 4.2 total) | $1,860.00 |
| f. | Attorney fees (Part 4, § 4.3 last amount specified) | $4,000.00 |
| g | Priority claims (Part 4, § 4.4 total) | $0.00 |
| h. | Domestic support obligations owed or assigned to government (Part 4, § 4.5 total) | $0.00 |
| i. | Nonpriority unsecured claims (Part 5, § 5.1, amount of payments) | $650.00 |
| j. | Maintenance and cure payments on unsecured claims (Part 5, § 5.2 total) | $0.00 |
| k. | Separately classified unsecured claims (Part 5, § 5.3 total) | $0.00 |
| l. | Executory contracts and unexpired leases (Part 6, § 6.1 total) | $0.00 |
| m. | Nonstandard plan provisions (Part 8) | $0.00 |
| | Total of Lines a - m | $18,600.00 |

**Print to PDF**

**In order to upload to CM/ECF you must print this document to PDF.**